## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
(Southern Division)

|  |  |  |
|---|---|---|
| **AMINATOU IBRAHIMA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Civ. Case No. GLS 24-2431** |
| | : | |
| **MAYORKAS** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### MEMORANDUM OPINION

Pending before the Court[1] is the "Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment"[2] ("Motion") filed by Defendants the Secretary of the U.S. Department of Homeland Security, the Director of the United States Citizenship and Immigration Services, the U.S. Attorney General, the Director of the Baltimore Field Office of U.S. Citizenship and Immigration Services, and the U.S. Attorney for the District of Maryland (collectively "Defendants"). (ECF No. 12). To date, Plaintiff Aminatou Ibrahima ("Plaintiff") has not filed an Opposition, and the time to do so has since passed. *See* Loc. R. 105.2(a) (Md. 2025). The Court has considered the Motion and decided that the Motion if ripe for resolution, and finds that a hearing is unnecessary. *See* Loc. R. 105.6 (D. Md. 2025).

For the reasons set for below, the Motion is **GRANTED**.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court to conduct all further proceedings in this case, to include through trial, entry of final judgement, and resolution of post-judgment proceedings. (ECF No. 11).

[2] Inexplicably, on May 22, 2025, the Defendants filed an identical copy of the Motion, which the Court struck. (ECF Nos. 17–18).

I.      **PROCEDURAL AND FACTUAL BACKGROUND**[3]

On October 20, 2022, the Plaintiff filed a Form I-589 Application for Asylum and Withholding of Removal with the Arlington Asylum Office ("Application") with the U.S. Citizenship and Immigration Services ("USCIS"). (ECF No. 1, "Complaint," ¶ 14). Thereafter, Plaintiff submitted all required information to USCIS and complied with all requests and appointment notices, including completion of the necessary biometric appointments for security clearances. (*Id.*, ¶15). During the period following her submissions, Defendants did not challenge Plaintiff's eligibility for approval of the Application. (*Id.*, ¶ 16).

Because Plaintiff did not hear from USCIS, Plaintiff contacted the agency numerous times regarding the status of her Application. (*Id.*, ¶ 18). During these communications with the agency, USCIS informed Plaintiff that her Application was still pending; the agency did not advise Plaintiff as to when her Application would be adjudicated. (*Id.*).

On August 21, 2024, Plaintiff filed a "Complaint for Declaratory Judgment and Injunctive Relief and for a Writ in the Nature of Mandamus," seeking to "compel action on an Application for Asylum and Withholding of Removal." (Complaint, ¶ 1). By the time that the Complaint was filed, almost two years had passed since Plaintiff had submitted all documents to USCIS, yet USCIS still had not made a final decision on Plaintiff's Application. (Complaint, ¶ 21). Thus, Plaintiff filed the instant lawsuit to compel agency action on her Application. (Complaint, ¶ 1).

According to Plaintiff, because of the Defendants' inaction, she has "has been damaged and continues to be damaged by the Defendants' [inaction]," namely: "the uncertainty and unreasonable delay" surrounding her immigration status causes her emotional distress; Plaintiff

---

[3] Unless otherwise noted, the facts are taken from the Complaint, (ECF No. 1), and are construed in the light most favorable to the non-moving party, Plaintiff. This Court assumes Plaintiff's version of facts to be true. *See Balt. Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019).

has "lost a significant amount of work time" pursuing her Application; and her rights to the due process of law and equal proception under the Fifth Amendment to the United States Constitution, "have been and are being violated." (*Id.*, ¶¶ 22.a–22.d). Thus, Plaintiff asks this Court to: find that Defendants have violated the law and to enter declaratory judgment in her favor; (b) order Defendants to adjudicate the Application "without further delay;" and (c) award her costs and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2421. (Complaint, p. 9).

Defendants moved to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction over the claims and alternatively that Plaintiff has failed to state a claim upon which relief can be granted. (ECF No. 12). Thereafter, the Court ordered Plaintiff to file a response to the Motion. (ECF No. 13). Plaintiff failed to comply with the Court's order; thus, the Court issued an order directing Plaintiff to show cause as to why the Motion should not be granted. (ECF No. 14). To date, Plaintiff has not filed a response.[4]

## II.    THE LAW

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear a claim. As a general matter, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore, et al., Moore's Federal Practice § 12.30(1) (3d ed. 1998)).  When a defendant challenges a court's subject matter jurisdiction to hear a case, the "plaintiff bears the burden of establishing that

---

[4] Because Plaintiff has not filed an Opposition or otherwise responded to the Motion, the Court can rule on the Motion. *See White v. ADT*, Civ. No. ELH 19-03316, 2020 WL 374617, at *2 (D. Md. Jan. 1, 2020) ("When a plaintiff fails to oppose a motion to dismiss, a district court is 'entitled, as authorized, to rule on the . . . motion and dismiss [the] suit on the uncontroverted bases asserted' in the motion." (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004))).

subject matter jurisdiction exists." *See Elliot v. U.S. Dep't of Agriculture*, Civ. No. LKG 22-0142, 2023 WL 4175355, at *2 (D. Md. June 26, 2023) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)), *appeal dismissed,* No. 23-1990, 2024 WL 2575398 (4th Cir. May 24, 2024).

In a Rule 12(b)(1) challenge to subject matter jurisdiction, a movant advances either: (1) a facial challenge, i.e., by asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction; or (2) a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (alteration in original) (citations and quotations omitted).  When mounting a facial challenge to subject matter jurisdiction, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* Where a defendant mounts a factual challenge, the court is to "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991)); *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (holding that the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" (further citation omitted)).

Finally, it is well settled that a court always has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If a federal court determines that it lacks subject-matter jurisdiction over a case, then dismissal is required. Fed. R. Civ. P. 12(h)(3).

**B.  Motion to Dismiss for Failure to State a Claim**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is asserting that a plaintiff has failed to state a claim upon which relief can be granted.

To survive a motion to dismiss, a complaint must provide a defendant with "fair notice of what the claim is and the grounds upon which it rests." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). In other words, a complaint must contain sufficient facts to state a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (complaint must set forth enough facts as to suggest a "cognizable cause of action"). A claim has "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III.  DISCUSSION[5]

In the Complaint, Plaintiff seeks relief pursuant to: the Fifth Amendment to the United States Constitution (Counts I–IV); the Mandamus Act, 28 U.S.C. §§ 1361, 1651 (Count I); the Administrative Procedures Act, 5.U.S.C. § 706(1) ("APA") (Counts II–III); and the Declaratory Judgement Act, 28 U.S.C. § 2201 (Count IV) . (*Id.*, ¶¶ 30–53). In particular, Plaintiff alleges that Defendants directly violated the APA when USCIS: (1) willfully and unreasonably delayed and refused to perform its clear, non-discretionary duties; (2) arbitrarily and capriciously failed to

---

[5] To the extent that Defendants request in their Motion that the Court grant summary judgment in their favor, the Court denies this request as premature. See *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (explaining that summary judgment is usually inappropriate when parties have not had an opportunity for "reasonable discovery").

render a timely decision on the Application; and (3) failed to discharge its mandated official duties pursuant to the Code of Federal Regulations ("C.F.R."), constituting agency action "unlawfully withheld." (Complaint, ¶¶ 23–49). Accordingly, Plaintiff asks the Court to issue a writ of mandamus and to enter a declaratory judgment that Defendants' failure to act on her Application is unlawful, and to order Defendants to adjudicate her Application without further delay. (*Id.* ¶¶ 24–53).

In the Motion, Defendants contend that because USCIS ultimately has significant discretion on the time frame by which it must adjudicate an asylum application, the Court lacks subject matter jurisdiction over Plaintiff's Mandamus and APA claims. Alternatively, Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted, because under the APA the passage of two years does not constitute an unreasonable delay in processing the application. (ECF No. 12-1, "Motion," pp. 6–17).

### A.  Plaintiff's Mandamus Claim

Under the Mandamus Act, a district court is vested with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus relief is an "extraordinary remedy" that will only issue "to compel the performance of a clear nondiscretionary duty" and "only after a plaintiff has exhausted all other avenues of relief." *Noumbissie v. Garland*, Civ. No. RDB 22-3357, 2023 WL 8600510, at *2 (D. Md. Nov. 1, 2023) (quoting *Pittson Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988)). Put another way, "Mandamus can be used only to compel ministerial acts of federal government officers, not discretionary duties." *Tawah v. Mayorkas*, Civ. No. TJS 23-2920, 2024 WL 2155060, at *2 (D. Md. May 14, 2024).

6

Plaintiff, the party seeking mandamus relief, bears the burden to establish that: "(1) [she] has a clear right to the relief sought; (2) the [Defendants have] a clear duty to do the particular act requested by the [Plaintiff]; and (3) no other adequate remedy is available." *Id.* (citing *In re Beard*, 811 F.2d 818, 826–27 (4th Cir. 1987)); *see also Noumbissie*, 2023 WL 8600510, at *2 (same).

Here, Plaintiff cannot prevail on her Mandamus Act claim. The statutory provision that sets forth the time frame for adjudicating asylum applications provides that such applications "shall be completed within 180 days" of filing, absent "exceptional circumstances." 8 U.S.C. § 1158(d)(5)(A)(iii). That being said, however, there is no private right of action available to an asylum applicant if USCIS fails to adjudicate an application within that 180-day time frame. *See Tawah*, 2024 WL 2155060, at *2. Indeed, the statute provides that "[n]othing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." 8 U.S.C. § 1158(d)(7). In addition, even though the relevant statute "does not explicitly state that the pace of adjudication [of a petition] is discretionary," other courts in this Circuit have held that USCIS enjoys "broad discretion regarding how swiftly" asylum application decisions are made. *See Tawah*, 2024 WL 2155060, at *2 (collecting cases).

Accordingly, because there is no private right of action to enforce the 180-day asylum application time frame under section 1158(d), Defendants do not owe "a clear nondiscretionary duty to Plaintiff." *See Noumbissie*, 2023 WL 8600510, at *2 (citing *Pesantez v. Johnson*, Civ. No. BMC 15-1155, 2015 WL 5475655, at *2 (E.D.N.Y. Sept. 17, 2015)) (holding that the court lacks subject matter jurisdiction over a mandamus claim to enforce the section 1158(d) asylum adjudication time frame). In sum, the Court lacks subject matter jurisdiction over Plaintiff's Mandamus Act claim, and the Motion is granted as to Count I.

**B. Plaintiff's APA Claims**

Pursuant to section 706 of the APA, a reviewing court shall compel an agency to act "if an agency's action is unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 365 (4th Cir. 2021). Thus, to advance a cause of action under the APA, a plaintiff who seeks review of an agency action "must point to a provision within the APA that authorizes judicial review of the relevant agency's action." *Noumbissie*, 2023 WL 8600510, at *2 (citing *NAACP v. Bureau of the Census*, 945 F.3d 183, 191 (4th Cir. 2019)). Indeed, "[a]bsent such a provision, courts lack jurisdiction to review agency actions." *Tawah*, 2024 WL 2155060, at *3.

In addition, pursuant to section 701(a) of the APA, federal courts are only empowered to compel agency action where the challenged action is non-discretionary; "where an agency is **not required**" to act, a court cannot compel it to do so. *Gonzalez*, 985 F.3d at 366 (emphasis in original).

As previously held *supra*, the statutory time frame for adjudicating asylum applications is discretionary. Indeed, "the Attorney General has the authority to 'establish a procedure for the consideration of asylum applications' in the manner best suited to adjudicate the applications." *Tawah*, 2024 WL 2155060, at *3 (quoting 8 U.S.C. § 1158(d)). Thus, because the 180-day time frame is discretionary, and there is no provision in the APA that authorizes judicial review of asylum application adjudications pending for more than 180-days, the Court lacks subject matter jurisdiction to review Plaintiff's APA claim. Accordingly, the Motion is granted as to Counts II–III,

Because the Court has determined that it lacks subject matter jurisdiction to compel Defendants to adjudicate Plaintiff's Application, it need not address the Defendants' arguments

related to the reasonableness of the delay.[6]

In sum, the Motion will be granted , and the Court will dismiss this case without prejudice.[7]

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion, (ECF No. 12), is **GRANTED**. The Clerk of the Court is directed to close the case.

A separate Order will follow.


Date: September 8, 2025                                    _____/s/_____
                                                          The Honorable Gina L. Simms
                                                          United States Magistrate Judge

---

[6] Were the Court to address the reasonableness of the delay, the Court would find that the two-year delay at issue in this case is not unreasonable on its face. *See Tawah v. Mayorkas*, Civ. No. TJS-23-2920, 2024 WL 2155060 (D. Md. May 14, 2024) (holding that a four-year delay in adjudication of a plaintiff's asylum application is not unreasonable under the APA). The Court would hold that Plaintiff has failed to state a claim upon which relief can be granted and find in Defendants' favor on this alternative ground.

[7] A dismissal related to a defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n. v. OpenBand at Broadlands, LLC.*, 713 F.3d 175, 185 (4th Cir. 2013) (internal citations omitted) (citing Fed. R. Civ. P. 41(b)).